# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA

| | |
|---|---|
| THOMAS WILLIAM MORGAN, § § *Plaintiff*, § § § No_____ ~v~ § § MARION COUNTY GOVERNMENT, § JURY DEMAND § LINDA MASON, § § RONNIE "BO" BURNETTE, and § § DALE WINTERS, § § *Defendants*. § | |

"I never follow the rules. I am opiniated."

Comment by Marion County Commission Chairperson
Linda Mason
Video Posted on The River 104.0 Facebook Page (1:37:27)

## COMPLAINT

PLAINTIFF, THOMAS WILLIAM MORGAN, by and through his attorney, Robin Ruben Flores, and complaining of Defendants, MARION COUNTY GOVERNMENT; LINDA MASON; RONNIE "BO" BURNETTE, and DALE WINTERS, states as follows:

### INTRODUCTION

1. This is a civil rights action for violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution arising from the forced removal and unreasonable seizure of the Plaintiff by Defendants Burnette and

~ 1 ~

Winters at the direction of Defendant Mason as the Plaintiff attempted to address the Marion County Commission ("Commission").

2. This civil rights action is brought under 42 U.S.C. §1983 against Linda Mason ("Mason"); Ronnie "Bo" Burnette ("Burnette") and Dale Winters ("Winters") in their individual capacities and against Defendant Marion County Government ("County").

3. This action seeks damages against all four Defendants caused by the violation of Plaintiff's constitutional rights as set forth more fully *infra*.

4. This action also raises state law claims against Mason, Burnette and Winters in their individual capacities. Additionally, Plaintiff brings these claims against the County pursuant to TENN. CODE ANN. § 8-8-302 as to Burnette and Winters as noted in ¶ 5, *infra*.

5. Plaintiff seeks compensatory and punitive damages against Mason, Burnette and Winters in their individual capacities, and Plaintiff seeks for the County to indemnify Burnette and Winters under TENN. CODE ANN. § 8-8-302 and to pay compensatory claims under 42 U.S.C. §1983.

## JURISDICTION AND VENUE

6. Plaintiff's claims for relief are predicated upon 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the United States Constitution. This action arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Thus, as to the § 1983 claims, this Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

7. This Court is vested with supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 in that all claims set forth herein arise from the same case and controversies.

8. Venue is proper in this Court, Chattanooga Division, pursuant to 28 U.S.C. §1391(B). All acts complained of occurred within Marion County, a political sub-division of the State of Tennessee physically located within the fourteen-county district of this Court.

## THE PARTIES

9. Plaintiff is a United States citizen and a resident of Tennessee.

10. The County is a municipality formed under the laws of the State of Tennessee.

11. Marion County Government ("County") is comprised of a county mayor and commissioners who serve commission districts within the county boundaries. The commissioners and the mayor are elected government officials.

12. The final policy maker for the County is the County legislative body, also known as the County Commission ("Commission").

13. At the time of the events averred herein, Mason was the Chairperson of the Commission; Burnette was the Sheriff of Marion County, and Winters was a deputy sheriff of Marion County.

14. At all relevant times, the County held regular public meetings of the Commission to address the business of the County and its citizens.

15. These regular meetings are open to the public, and the meetings are recorded by members of the media for later publication to the public.

16. At all relevant times, the County had a duty to allow members of the public to address the Commission without coercive, demeaning, insulting, threatening, and unlawful physical behavior when the Commission or a Commissioner did not like what a citizen said.

17. The Commission had an absolute duty to refrain from silencing a member of the public by use of police force and coercion when the speech of the member displeased any member of the Commission.

19. At all relevant times, the County is responsible for the creation and maintenance of the Marion County Sheriff's Office ("MCSO"), which is a law enforcement agency created under Tennessee state law and regulated by the laws of the State of Tennessee as to the training and certification of its law enforcement employees.

20. The County is liable for the acts of Burnette and Winters while they acted within the scope of their employment pursuant to the County's statutory obligation to indemnify these two individual defendants.

21. At all relevant times, Mason, Burnette and Winters were responsible for the safety and welfare of the Plaintiff; were under a lawful obligation to refrain from the use of police force and police coercion to silence the Plaintiff; were under a lawful obligation to refrain from violating the Plaintiff's constitutional rights; were under a lawful obligation to not conspire to violate Plaintiff's rights; were a lawful

obligation to refrain from the infliction of emotional distress upon the Plaintiff; and Winters and Burnette were under a lawful obligation not to assault and batter the Plaintiff.

22. At all relevant times, Mason, Burnette and Winters acted under color of state law and in the course and scope of their employment with the County.

23. The County is directly liable for the unlawful actions averred herein since its highest-level Commission member (Mason) and its chief law enforcement officer (Burnette) orchestrated, condoned, ratified and personally participated in the constitutional violations claimed in this Complaint. At no time did any member of the Commission intervene in Mason, Burnette and Winters' actions in both incidents described further herein.

24. Plaintiff sues Mason, Burnette and Winters in their individual capacities and sues the County.

## FACTUAL BASIS

### January 22, 2024 Meeting of the Commission

25. On January 22, 2024, the Commission held its regular monthly meeting to address the business of the County and the business of the citizens of Marion County. ("January meeting"). Defendants Burnette and Winters were present during this meeting. Mason presided over the meeting.

26. During the January meeting Commissioner Ruric Brandt ("Brandt") raised questions as to meetings of commissioners held in private and when such private meetings can be held.

~ 5 ~

27. Brandt then asked about whether Mason should relinquish her chairperson position to the vice-chair when she participates in any debate, and Mason flippantly stated: "I never follow the rules. I am opiniated."

28. Plaintiff attended the January meeting.

29. Mason opened the floor to the attendees for public comment but noted that the comments must address *matters* that were on the agenda.

30. Plaintiff took the podium to address the Commission during the public comment portion of the meeting about a matter on the agenda. Specifically, Plaintiff addressed the Commission about the allocation of public funds for infrastructure projects, such as roadways, and railroad crossings.

31. Plaintiff began his comments by reviewing his past address to the Commission in November 2023 and then moved to his observations of what he heard the Commission discuss in the January meeting regarding allocation of two million dollars to build a road that has "has no homes on it…."

32. But before Plaintiff could finish his sentence Mason interrupted by saying:

> "Ok buddy, look, (and while pointing her finger at Plaintiff) we're not going there." Mason then told the Plaintiff to "go to the mike or you don't speak."

33. Plaintiff then went to the "mike," but as Plaintiff began to speak, Mason continued to interrupt Plaintiff. Plaintiff then voiced his objection to Mason's conduct, and Mason replied, "I can have you removed if you like."

32. Mason directed Burnett to remove the Plaintiff. Plaintiff then told Mason that he was addressing the Commission at a public forum and that she was suppressing his rights to which Mason replied, "I am not going to listen to it."

33. Rather than decline Mason's request, Burnett and Winters approached Plaintiff. Burnette and Winters placed their hands on the Plaintiff. Plaintiff asked if Burnette and Winters were threatening Plaintiff with arrest. Still, Winters and Burnette used physical force and police coercion to remove Plaintiff from the meeting room without any lawful justification to use such force and coercion and without any lawful justification to silence the Plaintiff and remove him from the public meeting.

34. The whole exchange involving Plaintiff as described lasted about 1 minute and 53 seconds.

35. Immediately after Winters and Burnette removed Plaintiff from the meeting room, Mason threatened Donald Leonard ("Leonard") with removal as well when Leonard stated that "there are a lot of problems on Pulltight Road."

36. Mason then said to Leonard, "And you can be next" and she then asked Burnett "can you remove this man please?"

37. Rather than be removed, Leonard stated, "I'll walk out," and Leonard left the meeting room too. Plaintiff who was standing at the entranceway to the meeting room, commented that Mason trampling on "everyone's rights" whereupon Mason pointed at the Plaintiff and said "this man, right here, needs to leave this building right now."

38. At no time was there any lawful reason to silence the Plaintiff or use police coercion and police force to silence and remove the Plaintiff from the meeting and the building.

## FACTUAL BASIS

### June 24, 2024 Meeting of the Commission

39. On June 24, 2024, ("June meeting") Plaintiff was on the agenda, and he addressed the Commission about the Commission's treatment of citizens who addressed the Commission. Mason presided over the meeting.

40. Plaintiff also addressed the use of public funds and the integrity of the Commission's decisions.

41. Rather than allow Plaintiff to make a public comment, Mason interrupted Plaintiff and initiated a tense dialogue with Plaintiff, including asking Plaintiff "Are you making a point?" and as the dialogue continued, told Plaintiff that "I'm talking sir, I'm talking."

42. Mason then told Plaintiff that he had to make a point or "otherwise, you need to sit down." Plaintiff expressed his views of how Mason abuses her power, at which time Mason told Plaintiff that she was calling the police.

43. Plaintiff then asked Mason "what crime am I committing" to which Mason replied that Plaintiff needed to make a point without elaborating as to what she meant was a "point."

44. The unlawful acts and omissions of Mason, Burnette and Winters were the direct and proximate cause of the deprivation of the Plaintiff's rights

guaranteed under the United States Constitution; Plaintiff's humiliation and mental anguish; and Plaintiff's damages.

45. No reasonable County official would have acted in the manner as Mason, Burnette and Winters acted. No reasonable member of the Commission would have simply remained silent while Mason, Burnette, and Winters violated Plaintiff's rights. To be sure, the Commission meeting had the benefit of its county attorney, Billy Gouger, present to advise the individual defendants and the Commission as to the actions unfolding before them. However, no one on the Commission utilized Mr. Gouger's services.

## COUNT ONE:

### DEPRIVATION OF FREEDOM OF SPEECH
### (FIRST AMENDMENT)

### January 22, 2024 Meeting of the Commission

### VIOLATION OF CIVIL RIGHTS UNDER
### COLOR OF LAW 42 U.S.C. §1983

46. Each paragraph of this Complaint is incorporated as if fully set forth herein.

47. The First Amendment to the U.S. Constitution protects freedom of speech, particularly from government interference.

48. In the fact pattern averred herein, Mason, while acting as the chair of the Commission, a government entity, ordered the removal of Plaintiff during a public comments portion of a commission meeting because Mason did not like what Plaintiff was saying.

~ 9 ~

Case 1:24-cv-00303-TRM-SKL   Document 1   Filed 08/30/24   Page 9 of 19   PageID #: 9

49. Mason unlawfully wielded her power and the police power of the County to silence Plaintiff.

50. Burnette and Winters acted in concert with Mason and used their police power to remove the Plaintiff from the meeting against his will.

51. Plaintiff sues all Defendants under Count One. Mason, Burnette and Winters acted under color of law and their acts deprived the Plaintiff of the right secured to him under the First Amendment to Freedom of Speech. The County directly participated in this violation, condoned and ratified the actions by the direct participation of Mason and Burnette, and by the silence of the other members of the Commission.

## COUNT TWO:

### DEPRIVATION OF RIGHT TO ASSEMBLE
### (FIRST AMENDMENT)

### January 22, 2024 Meeting of the Commission

### VIOLATION OF CIVIL RIGHTS UNDER
### COLOR OF LAW 42 U.S.C. §1983

52. Each paragraph of this Complaint is incorporated as if fully set forth herein.

53. The First Amendment protects the right of the people to peaceably assemble and express their views.

54. Plaintiff was addressing the county commission during a public comments portion of a commission meeting, which is a form of peaceful assembly and expression.

55. Mason, the chair of the commission, a government official, ordered Plaintiff to stop talking and had him removed by Burnette and Winters because Mason did not like what Plaintiff was saying.

56. Mason unlawfully wielded her power and the police power of the County to silence and remove the Plaintiff from the meeting.

57. Burnette and Winters acted in concert with Mason and used their police power to remove the Plaintiff from the meeting against his will.

58. Plaintiff sues all Defendants under Count Two. Mason, Burnette and Winters acted under color of law and their acts deprived the Plaintiff of the right secured to him under the First Amendment to Assemble. The County directly participated in this violation, condoned and ratified the actions by the direct participation of Mason and Burnette, and by the silence of the other members of the Commission.

## COUNT THREE:

### DEPRIVATION OF RIGHT TO PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES (FIRST AMENDMENT)

### January 22, 2024 Meeting of the Commission

### VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW 42 U.S.C. §1983

59. Each paragraph of this Complaint is incorporated as if fully set forth herein.

60. The First Amendment to the U.S. Constitution protects the right to petition the government for redress of grievances. This means that there must be

ways available for members of the public to have their issues heard by a representative or agency of the government.

61. Plaintiff was addressing the county commission about his issues involving the County's actions during a public comments portion of a commission meeting, which is a recognized way of petitioning the government.

62. Mason, the chair of the commission, a government official, ordered Plaintiff to stop talking and had him removed by Burnette and Winters because Mason did not like what Plaintiff was saying.

63. Mason unlawfully wielded her power and the police power of the County to silence and remove the Plaintiff from the meeting.

64. Burnette and Winters acted in concert with Mason and used their police power to remove the Plaintiff from the meeting against his will.

65. Plaintiff sues all Defendants under Count Three. Mason, Burnette and Winters acted under color of law and their acts deprived the Plaintiff of the right secured to him under the First Amendment to Assemble. The County directly participated in this violation, condoned and ratified the actions by the direct participation of Mason and Burnette, and by the silence of the other members of the Commission.

## COUNT FOUR:

### DEPRIVATION OF DUE PROCESS
### (FOURTEENTH AMENDMENT)

**January 22, 2024 Meeting of the Commission**

**VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW 42 U.S.C. §1983**

66. Each paragraph of this Complaint is incorporated as if fully set forth herein.

67. The Fourteenth Amendment's Due Process Clause protects individuals from being deprived of life, liberty, or property without Due Process of Law.

68. In this case, Plaintiff's liberty to express his views during a public comments portion of a commission meeting was infringed upon by Mason, the chair of the Commission, and a government employee.

69. Mason's action of ordering Burnette and Winters to remove Plaintiff when he questioned Mason's demand to stop talking constituted a deprivation of Plaintiff's liberty without Due Process of Law.

70. Plaintiff sues all Defendants under Count Four. Mason, Burnette and Winters acted under color of law and their acts deprived the Plaintiff of the right secured to him under the Fourteenth Amendment to not be deprived of his liberty without the Due Process of Law. The County directly participated in this violation, condoned and ratified the actions by the direct participation of Mason and Burnette, and by the silence of the other members of the Commission.

### COUNT FIVE:

### UNREASONABLE SEIZURE (FOURTH AMENDMENT)

### January 22, 2024 Meeting of the Commission

### VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW 42 U.S.C. §1983

71. Each paragraph of this Complaint is incorporated as if fully set forth herein.

72. The Fourth Amendment protects individuals from seizure of their persons by government action without probable cause.

73. Mason directed Burnette and Winters to seize Plaintiff's person without probable cause of any crime. Rather, Mason, the chair of the Commission and a governmental employee, was annoyed with Plaintiff and welded her power to have Plaintiff seized without probable cause by police.

74. Plaintiff sues all Defendants under Count Five. Mason, Burnette and Winters acted under color of law and their acts deprived the Plaintiff of the right secured to him under the Fourth Amendment to be free from unreasonable seizures without probable cause. The County directly participated in this violation, condoned and ratified the actions by the direct participation of Mason and Burnette, and by the silence of the other members of the Commission.

## COUNT SIX:

## CONSPIRACY TO VIOLATE CIVIL RIGHTS

### January 22, 2024 Meeting of the Commission

#### VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW 42 U.S.C. §1983

75. Each paragraph of this Complaint is incorporated as if fully set forth herein.

76. The joint efforts of Mason, Burnette, Winters, and the County constituted a conspiracy to silence the Plaintiff.

77. Plaintiff sues all Defendants under Count Six. Mason, Burnette and Winters acted under color of law and their acts constituted a conspiracy to deprive the Plaintiff of the rights secured to him under the First, Fourth, and Fourteenth Amendments as averred herein. The County directly participated in this violation, condoned and ratified the actions by the direct participation of Mason and Burnette, and by the silence of the other members of the Commission.

## COUNTS SEVEN and EIGHT

### ASSAULT AND BATTERY

### January 22, 2024 Meeting of the Commission

### TENNESSEE COMMON LAW

78. Each paragraph of this Complaint is incorporated as if fully set forth herein.

79. Burnette and Winters had no lawful purpose to physically touch the Plaintiff in their removal of the Plaintiff from the meeting.

80. Plaintiff sues Burnette and Winters under Counts Seven and Eight.

## COUNT NINE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### January 22, 2024 Meeting of the Commission

### TENNESSEE COMMON LAW

81. Each paragraph of this Complaint is incorporated as if fully set forth herein.

82. Mason, Burnette and Winters had no lawful purpose to remove the Plaintiff from the meeting as averred herein. The unlawful actions of these three defendants subjected Plaintiff to humiliation before numerous fellow citizens, which was broadcasted on the internet.

83. Plaintiff sues Mason, Burnette and Winters under Count Nine.

## COUNT TEN:

### DEPRIVATION OF FREEDOM OF SPEECH
### (FIRST AMENDMENT -FREEDOM OF SPEECH CLAUSE)

### June 24, 2024 Meeting of the Commission

### VIOLATION OF CIVIL RIGHTS UNDER
### COLOR OF LAW 42 U.S.C. §1983

84. Each paragraph of this Complaint is incorporated as if fully set forth herein.

85. The First Amendment to the U.S. Constitution protects freedom of speech, particularly from government interference.

86. In the fact pattern averred herein, Mason, while acting as the chair of the Commission, a government entity, continually interrupted Plaintiff as he attempted to address the Commission. Mason did not like what Plaintiff was saying and ordered the Plaintiff to sit down and that she was calling the police.

87. Plaintiff was on the agenda for the June Meeting; however, Mason unlawfully wielded her power and the police power of the County to silence Plaintiff.

88. Plaintiff sues Mason and the County under Count Ten. Mason, acted under color of law and her acts deprived the Plaintiff of the right secured to him under the First Amendment to Freedom of Speech. The County directly participated in this violation, condoned and ratified the actions by the direct participation of Mason and by the silence of the other members of the Commission.

## COUNT ELEVEN

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### June 24, 2024 Meeting of the Commission

### TENNESSEE COMMON LAW

89. Each paragraph of this Complaint is incorporated as if fully set forth herein.

90. Mason had no lawful purpose to silence or to attempt to silence the Plaintiff with threats of police arrest as the Plaintiff addressed the Commission. Given the actions of Mason during the January Commission Meeting, Plaintiff had every reason to fear Mason's threats. Mason's conduct subjected Plaintiff to humiliation before numerous fellow citizens, which was broadcasted on the internet.

91. Plaintiff sues Mason under Count Eleven.

## COUNT TWELVE

### TENN. CODE ANN. § 8-8-302

### TENNESSEE STATE LAW CLAIM

92. Each paragraph of this Complaint is incorporated as if fully set forth herein.

93. While committing the acts alleged in the preceding paragraphs, Burnette and Winters were employees and agents of the County, acting at all relevant times within the scope of their employment.

94. While committing the acts alleged in the preceding paragraphs, Burnette and Winters' behavior was calculated to facilitate and/or promote the business for which the County employed the individual defendants.

95. The County is liable as principal for all torts committed by its agents, including the torts described herein.

96. Tennessee law provides that the County is directed to pay any tort judgment for compensatory damages for which its employees are liable within the scope of their employment activities.

97. Plaintiff sues the County in this Count.

## RELIEF REQUESTED

**WHEREFORE**, the Plaintiff requests relief as follows:

1) An award of nominal, compensatory, and presumed damages for each violation of Plaintiff's constitutional rights and for violations of state law in the amount of ONE HUNDRED THOUSAND DOLLARS;

2) An award of punitive damages against the individual defendants in the amount of TWO HUNDRED THOUSAND DOLLARS;

3) Awarding Plaintiff his attorney and expert witness fees and all other costs of litigation pursuant to 42 U.S.C. §1988, and under other applicable law;

4) Pre-judgment and post judgment interest;

5) The right to conform the pleadings to the proof and evidence presented at trial; and

6) Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P., Rule 38(b) on all issues so triable.

Respectfully submitted,

By: /s/ *Robin Ruben Flores*
**ROBIN RUBEN FLORES**
**TENN. BPR #20751**
**GA. STATE BAR #200745**
Attorney for Plaintiff
4110-A Brainerd Road
Chattanooga, TN  37411
O: (423) 267-1575
F: (423) 267-2703
robin@robinfloreslaw.com