IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| THOMAS WILLIAM MORGAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No: 1:24-cv-303 |
| MARION COUNTY GOVERNMENT, LINDA MASON, RONNIE "BO" BURNETT, and DALE WINTERS, | ) | **JURY DEMAND** |
| Defendants. | ) | |

## ANSWER

Now comes Marion County, Tennessee, identified as Marion County Government, Linda Mason, Ronnie "Bo" Burnett, and Dale Winters (hereinafter referred to as "Defendants" unless otherwise specifically identified), by and through counsel, file with the Court their Answer to Plaintiff's complaint as follows:

In response to the individual allegations of Plaintiff's complaint, Defendant answers as follows:

### Introduction

1. In response to ¶ 1, Defendants deny any allegations regarding violations of Plaintiff's First, Fourth and Fourteenth Amendments.

2. In response to ¶ 2, Plaintiff's complaint speaks for itself. In further response, Defendants deny Plaintiff is entitled to any recovering for alleged civil rights violations.

3. In response to ¶ 3, Plaintiff's complaint speaks for itself. In further response, Defendants deny any allegation that Plaintiff's constitutional rights were violated.

4. In response to ¶ 4, Plaintiff's complaint speaks for itself. In further response, Defendants deny Plaintiff is entitled to any recovery as may be claimed in ¶ 4.

5. In response to ¶ 5, Defendants deny that Plaintiff is entitled to any of the requests for recovery.

## Jurisdiction and Venue

6. In response to ¶ 6, Defendants do not object to jurisdiction of this court.

7. In response to ¶ 7, the same states that conclusion of law.

8. In response to ¶ 8, Defendants do not object to venue in this court.

## The Parties

9. The allegations of ¶ 9 are admitted on information believed.

10. The allegations of ¶ 10 are admitted.

11. The allegations of ¶ 11 are admitted.

12. ¶ 12 states a conclusion of law as opposed to allegation of fact.

13. In response to ¶ 13, it is admitted that on the date of the events, Defendant Mason was commission chairperson, Defendant Burnett was the elected sheriff, and Defendant Winters was employed as a police officer.

14. In response to ¶ 14, it is admitted that the Marion County Commission holds meetings at regularly scheduled times.

15. In response to ¶ 15, it is admitted that commission meetings are open to the public and recorded.

16. In response to ¶ 16, it is admitted that the county commission permits the public to address matters on the commission agenda. In further response, it is denied that the commission acts in a coercive, demeaning, insulting, threatening, and unlawful manner as alleged in ¶ 16.

17. The allegations of ¶ 17 are denied to the extent that there is a claim or suggestion that such conduct occurred.

18. ¶ 18 was omitted from Plaintiff's Complaint.

19. In response to ¶ 19, it is admitted that Marion County has a sheriff's office.

20. The allegations of ¶ 20 are denied as alleged.

21. The allegations of ¶ 21 are denied as alleged.

22. The allegations of ¶ 22 are denied as alleged.

23. The allegations of ¶ 23 are denied as alleged.

24. In response to ¶ 24, Plaintiff's complaint speaks for itself.

### Factual Basis

### January 22, 2024 Meeting of the Commission

25. In response to ¶ 25, it is admitted the commission held a meeting on January 22, 2024. Is is further admitted that Defendants Burnett and Winters were present at the meeting and that Defendant Mason presided over the meeting as chairperson.

26. The allegations of ¶ 26 are admitted to the extent that the subject matter was raised by the referenced commissioner.

27. In response to ¶ 27, it is admitted that Defendant Mason made the statement referenced although the same must be taken in proper context and the same does not pertain to the substantive allegations of the Complaint as it relates to Plaintiff's claims and causes of action. In further response, the full recording of the meeting would speak for itself as it relates to this matter.

28. The allegations of ¶ 28 are admitted.

29. The allegations of ¶ 29 are admitted.

30. The allegations of ¶ 30 are denied as alleged.

31. In response to ¶ 31, it is admitted Plaintiff addressed the Commission regarding matters that were not on the agenda.

32. In response to ¶ 32, the recording of the meeting would speak for itself as it relates to the interaction between Plaintiff and Defendant Mason.

33. In response to ¶ 33, the recording of the meeting would speak for itself as it relates to the interaction between Plaintiff and Defendant Mason.

32. [Sic] In response to the second numbered ¶ 32, it is admitted Defendant Mason requested Defendant Burnett's assistance based on Plaintiff's actions. In further response, the recording of the meeting would speak for itself as it relates to the interaction between Plaintiff and Defendant Mason.

33. [Sic] In response to the second numbered ¶ 33, it is admitted Defendant Burnett motioned for Plaintiff and that Defendant Winters was present in his personal capacity. In further response, the recording of the meeting would speak for itself as it relates to the referenced interaction.

34. In response to ¶ 34, the timing of this matter would be best shown on the recording, which speaks for itself.

35. In response to ¶ 35, the recording of the interaction is best shown on the recording, which speaks for itself. In further response, however, the actions referenced in ¶ 35 were due to the disruptions caused for the meeting.

36. The allegations of ¶ 36 are denied as alleged.

37. In response to ¶ 37, the recording of the interactions are best shown on the recording, which speaks for itself as it relates to the referenced interaction although it is admitted on information and belief that Mr. Leonard stated that "I'll walk out."

38. The allegations of ¶ 38 are denied as alleged.

## Factual Basis

### June 24, 2024 Meeting of the Commission

39. In response to ¶ 39, it is admitted that Plaintiff, "Thomas Morgan," was on the agenda without further explanation. It is further admitted that Defendant Mason presided over the June 24, 2024 meeting.

40. The allegations of ¶ 40 appear correct.

41. In response to ¶ 41, the recording of the referenced exchange would speak for itself.

42. In response to ¶ 42, the recording of the referenced exchange would speak for itself.

43. In response to ¶ 43, the recording of the referenced exchange would speak for itself.

44. The allegations of ¶ 44 are denied.

45. The allegations of ¶ 45 are denied.

## <u>COUNT ONE:</u>

### DEPREVATION OF FREEDOM OF SPEECH
### (FIRST AMENDMENT)

### January 22, 2024 Meeting of the Commission

### VIOLATION OF CIVIL RIGHTS UNDER
### COLOR OF LAW 42 U.S.C. §1983

46. Defendants incorporate by reference their answers to Paragraphs 1-45.

47. In response to ¶ 47, it is admitted that the First Amendment to U.S. Constitution relates to freedom of speech.

48. The allegations of ¶ 48 are denied.

49. The allegations of ¶ 49 are denied.

50. The allegations of ¶ 50 are denied.

51. The allegations of ¶ 51 are denied.

## COUNT TWO:

## DEPREVATION OF RIGHT TO ASSEMBLE
## (FIRST AMENDMENT)

### January 22, 2024 Meeting of the Commission

## VIOLATION OF CIVIL RIGHTS UNDER
## COLOR OF LAW 42 U.S.C. §1983

52. Defendants incorporate by reference their answers to Paragraphs 1-51 above.

53. In response to the allegations of ¶ 53, it is admitted that the First Amendment provides protections relating to freedom of speech.

54. In response to ¶ 54, it is admitted that Plaintiff was attempting to address the County Commission but did so in an inappropriate manner.

55. The allegations of ¶ 55 are denied.

56. The allegations of ¶ 56 are denied.

57. The allegations of ¶ 57 are denied.

58. The allegations of ¶ 58 are denied.

## COUNT THREE:

## DEPRIVATION OF RIGHT TO PETITION
## GOVERNMENT FOR REDRESS OF GRIEVANCES
## (FIRST AMENDMENT)

### January 22, 2024 Meeting of the Commission

## VIOLATION OF CIVIL RIGHTS UNDER
## COLOR OF LAW 42 U.S.C. §1983

59. Defendants incorporate by reference their answers to Paragraphs 1-58 above.

60. In response to ¶ 60, the terms of the First Amendment of the U.S. Constitution speak for themselves.

61. In response to ¶ 61, it is denied that Plaintiff was properly addressing the County Commission.

62. The allegations of ¶ 62 are denied.

63. The allegations of ¶ 63 are denied.

64. The allegations of ¶ 64 are denied.

65. The allegations of ¶ 65 are denied.

## COUNT FOUR:

### DEPREVATION OF DUE PROCESS
### (FOURTEENTH AMENDMENT)

### January 22, 2024 Meeting of the Commission

### VIOLATION OF CIVIL RIGHTS UNDER
### COLOR OF LAW 42 U.S.C. §1983

66. Defendants incorporate by reference their answers to Paragraphs 1-65 above.

67. In response to ¶ 67, the terms and provisions of the Fourteenth Amendment speak for themselves.

68. The allegations of ¶ 68 are denied.

69. The allegations of ¶ 69 are denied.

70. The allegations of ¶ 70 are denied.

## COUNT FIVE:

### UNREASONABLE SEIZURE
### (FOURTH AMENDMENT)

### January 22, 2024 Meeting of the Commission

### VIOLATION OF CIVIL RIGHTS UNDER
### COLOR OF LAW 42 U.S.C. §1983

71. Defendants incorporate by reference their answers to Paragraphs 1-70 above.

72. In response to ¶ 72, the terms of the Fourth Amendment to the U.S. Constitution speak for themselves.

73. The allegations of ¶ 73 are denied.

74. The allegations of ¶ 74 are denied.

## COUNT SIX:

## CONSPIRACY TO VIOLATE CIVIL RIGHTS

### January 22, 2024 Meeting of the Commission

### VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW 42 U.S.C. §1983

75. Defendants incorporate by reference their answers to Paragraphs 1-74 above.

76. The allegations of ¶ 76 are denied.

77. The allegations of ¶ 77 are denied.

## COUNT SEVEN and EIGHT:

## ASSAULT AND BATTERY

### January 22, 2024 Meeting of the Commission

### TENNESSEE COMMON LAW

78. Defendants incorporate by reference their answers to Paragraphs 1-77 above.

79. In response to ¶ 79, it is denied that Defendants Burnett and Winters forcibly touched Plaintiff and the recording of the interaction would speak for itself.

80. In response to ¶ 80, Defendants Burnett and Winters deny Plaintiff is entitled to any recovery from them.

## COUNT NINE:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### January 22, 2024 Meeting of the Commission

8

**TENNESSEE COMMON LAW**

81. Defendants incorporate by reference their answers to Paragraphs 1-80.

82. The allegations of ¶ 82 are denied.

83. In response to ¶ 83, Defendants deny Plaintiff is entitled to any recovery from them.

**COUNT TEN:**

**DEPREVATION OF FREEDOM OF SPEECH**
**(FIRST AMENDMENT – FREEDOM OF SPEECH CLAUSE)**

**January 22, 2024 Meeting of the Commission**

**VIOLATION OF CIVIL RIGHTS UNDER**
**COLOR OF LAW 42 U.S.C. §1983**

84. Defendants incorporate by reference their answers to Paragraphs 1-83 above.

85. In response to ¶ 85, the terms of the First Amendment to the U.S. Constitution speaks for themselves.

86. The allegations of ¶ 86 are denied.

87. The allegations of ¶ 87 are denied as alleged.

88. In response to ¶ 88, Defendants deny that Plaintiff is entitled to any recovery as set forth in the same.

**COUNT ELEVEN:**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**January 22, 2024 Meeting of the Commission**

**TENNESSEE COMMON LAW**

89. Defendants incorporate by reference their answers to Paragraphs 1-88 above.

90. The allegations of ¶ 90 are denied.

91. Defendant denies that Plaintiff is entitled to any recovery as set forth in Count Eleven.

9

## COUNT TWELVE:

## TENN. CODE ANN. § 8-8-302

## TENNESSEE STATE LAW CLAIM

92. Defendants incorporate by reference their answers to Paragraphs 1-91 above.

93. The allegations of ¶ 93 are denied as alleged.

94. The allegations of ¶ 94 are denied as alleged.

95. The allegations of ¶ 95 are denied as alleged.

96. The allegations of ¶ 96 are denied as alleged.

97. In response to ¶ 97, it is denied that Plaintiff is entitled to any relief in this matter.

98. All other allegations in Plaintiff's Complaint not admitted, denied, or explained above, be and hereby are denied.

## FIRST DEFENSE

Plaintiff's claims, some, or all, are barred by the Doctrine of Qualified Immunity. Defendants did not act with deliberate indifference and Defendants Mason, Burnett, and Winters were acting within their discretion at the incident given rise to this litigation. Defendants did not violate clearly established rights of which a reasonable person would have known. Accordingly, Plaintiff's Complaint must be dismissed.

## SECOND DEFENSE

Plaintiff has asserted a theory of vicarious liability, to include claims under 42 U.S.C. §1983. Vicarious liability is not applicable to §1983 cause of action and therefore to the extent Plaintiff has asserted the same, they must be dismissed.

## THIRD DEFENSE

Plaintiff's alleged exercise of his right to free speech was not a motivating factor, substantial or otherwise, for any action taken by Defendants. Defendants did not retaliate against

10

Plaintiff for his exercise of free speech under the First Amendment and is further denied that Defendants acted without a legitimate reason and purpose. Accordingly, Plaintiff's Complaint must be dismissed.

### FOURTH DEFENSE

Defendants rely upon Common Law and Statutory Immunity Provisions, including the Provisions of the Tennessee Government Report Liability Act, Tenn. Code Ann. § 29-20-201, etc. In this respect, some of the claims asserted by Plaintiff are barred and/or limited pursuant to the terms of the Tennessee Government Report Liability Act, upon which Defendants rely without reservation or limitation.

### FIFTH DEFENSE

Plaintiff is not entitled to the recovery prayed for in his Complaint based upon his own actions and the improper manner in which he acted and attempted to address the Commission. Therefore, Plaintiff is not entitled to the relief prated for in his Complaint.

### SIXTH DEFENSE

There was no violation of the Fourth Amendment to the U.S. Constitution as it relates to any of the Defendants in this matter as there was no unlawful or unreasonable seizure of Plaintiff.

### SEVENTH DEFENSE

It is denied that Plaintiff is entitled to any recovery under Tenn. Code Ann. § 8-8-301 as the same is not applicable to the facts and circumstances giving rise to this matter, in whole or in part.

### EIGHTH DEFENSE

Defendants deny that they acted improperly in any manner whatsoever as it relates to the events described in Plaintiff's Complaint. Defendants further deny that any of their actions caused the injuries complained of in this matter. Accordingly, Plaintiff is not entitled to the relief prayed for in his Complaint.

### NINTH DEFENSE

Defendants plead and rely upon all forms and version of immunity, including Good Faith Immunity, Common Law Immunity, and Sovereign Immunity.

### TENTH DEFENSE

Defendant Marion County denies there was a specific policy or custom that led to the alleged unconstitutional conduct in this case. It is further denied that Plaintiff has stated with specificity that the particular policy and/or custom upon which he relies in support of his stated cause of action against Marion County.

### ELEVENTH DEFENSE

Defendants are not liable to Plaintiff for any state law claims or causes of action in excess that the liability limit set out in Tenn. Code Ann. § 29-20-403.

### TWELFTH DEFENSE

Plaintiff has made a claim for attorney's fees in this matter. However, Plaintiff is not entitled to recovery attorney's fees for all of his stated causes of action, including the state law causes of action, and therefore Defendants deny that recovery of attorney's fees is appropriate in that respect.

**WHEREFORE**, Defendants pray that Plaintiff's Complaint against them be dismissed with prejudice and without costs. Defendants further demand a trial by jury of twelve (12).

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By: */s/ B. Thomas Hickey, Jr.*
B. Thomas Hickey, Jr., BPR #019105
Attorney for Defendants
537 Market Street, Suite 203
Chattanooga, TN 37402
P: (423) 756-0262
F: (423) 756-8489
thickey@spicerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2024, I electronically filed this document along with any exhibits with the Clerk of the Court using CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

Robin Ruben Flores
4110-A Brainerd Road
Chattanooga, TN 37411

**SPICER RUDSTROM, PLLC**

By: */s/ B. Thomas Hickey, Jr.*
B. Thomas Hickey, Jr.